## CITY OF BLACKWELL v. LEE.

No. 26554.   Dec. 8, 1936.

H. S. Gurley, J. R. Gurley, Howard F. Wilson, and Roy W. Cox, for plaintiff in error.

Ridings & Drennan, for defendant in error.

PHELPS, J. Defendant in error, who was plaintiff below, filed his petition in the district court of Kay county alleging that the city of Blackwell, a municipality of more than 2,000 population, owned, maintained, and operated an airport with hangar and storage facilities for storing, for hire, airplanes; that in so doing, said city of Blackwell did not act in a governmental capacity, but operated said airport and carried on said business for the private advantage of the inhabitants of the city of Blackwell.

He further alleged that he stored his airplane in said hangar for hire, and that said city of Blackwell became a bailee for consideration, and that while said airplane was so stored in said hangar, because of the negligence of the employees of defendant, said hangar caught fire and was burned and plaintiff's airplane was destroyed. He prayed for judgment against the city for the value thereof.

The defendant filed its answer in which it denied generally the allegations of plaintiff's petition, and specifically alleged that the city of Blackwell had no right, power, or authority, under the laws and Constitution of the state, to engage in the business of conducting and operating for hire this place of business, and that whatever it did along that line was ultra vires, unauthorized, and unlawful, and did not come within the powers granted to said municipality, but was specifically withheld by the Constitution.

With the issues thus joined, the cause went to trial before a jury, under proper instructions, and a verdict returned in favor of plaintiff in the sum of $1,500, upon which judgment was rendered, to reverse which this appeal is prosecuted.

There is practically no dispute as to the facts. The principal question presented, briefed, and argued is whether the city had authority to own, operate, and maintain this place of storage for airplanes, charging a fee therefor as a private individual would do, and if it had no such authority, then it is contended that it would not be liable in damages for the negligence of its employees. Section 6350, O. S. 1931, provides:

"Every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged in by a person, firm or corporation by virtue of a franchise from said corporation; and every city containing a population of more than two thousand inhabitants shall have the right and power to acquire, own and maintain, within or without the corporate limits of such city, real estate for sites and rights of way for public utility and public park purposes, and for the location thereon of waterworks, electric light and gas plants, aviation airports, hospitals, quarantine stations, garbage reduction plants, pipe lines for the transmission and transportation of gas, water and sewerage, and for any plant for the manufacture of any material for public improvement purposes, public buildings, and for all such purposes shall have the power to exercise the right of eminent domain, either within or without the corporate limits of such city. * * *"

The above section of our statute was taken from the 1929 Session Laws, chapter 11, p. 10, and embodied in said 1931 Compiled Statutes. In Ruth v. Oklahoma City, 143 Okla. 62, 287 P. 406, in the third paragraph of the syllabus, we said:

"* * * The city of Oklahoma City has authority, under its charter, to do any of the things authorized in the act of the Legislature of 1929 (S. L. 1929, c. 11, p. 10), unless there be a provision in the charter which prohibits the exercise of the power which the city attempts to exercise."

Section 6, of art. 18, of the Oklahoma Constitution provides that:

"Every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged

in by a person, firm or corporation by virtue of a franchise from said corporation."

In City of Ardmore v. Excise Board of Carter County, 155 Okla. 126, 8 P. (2d) 2, we said:

"* * * The city of Ardmore, being a city of more than 2,000 inhabitants, is authorized to engage in the business of operating an airport and has the right and power to acquire, own, and maintain, within or without the corporate limits of such city, real estate for aviation airports. See Ruth v. Oklahoma City, 143 Okla. 62, 287 P. 406. There is nothing in the charter of the city of Ardmore to the contrary."

Then, if the city of Blackwell had the authority to operate the airport, it must be held liable for the negligence of its servants according to the rule laid down in City of Shawnee v. Roush, 101 Okla. 60, 223 P. 354, wherein in the 4th paragraph of the syllabus we said:

"A paying patient in a hospital conducted by a municipality may recover damages for injury done her through the negligence of attending nurses administering to her during an operation."

There is no contention here that there was any inhibitory provision of the charter of the city of Blackwell, and we cannot follow the reasoning of counsel that the city may engage in an ultra vires act for which it receives a consideration and then when liability is thrust upon it by the negligence of its employees, it may not be held responsible for such negligence. It is therefore our conclusion that under the pleadings and evidence in this case, the question of negligence was a question for the jury to decide, and having decided it against the city, that it must be held to respond in the same manner and to the same degree as would a private individual operating a hangar under the same conditions.

It therefore follows that the judgment of the district court must be, and the same is hereby, affirmed.

McNEILL, C. J., and RILEY, BAYLESS, and CORN, JJ., concur.