Ricky Dean JARVIS and Linda
Jarvis, Appellants,

v.

CITY OF STILLWATER, Oklahoma, a
municipal corporation, Appellee.

No. 58876.

Supreme Court of Oklahoma.

Sept. 20, 1983.

Ed Abel, Glen Mullins, Abel, Musser, Sokolosky & Clark, Oklahoma City, for appellants.

William S. Hall, Larry G. Taylor, Feldman, Hall, Franden & Woodard, Tulsa, Lowell Barto, Stillwater, for appellee.

Diane Pedicord, Oklahoma City, for amicus curiae Oklahoma Mun. League.

OPALA, Justice:

The first-impression question before us, tendering for construction an exclusionary provision in The Oklahoma Political Subdivision Tort Claims Act [Act],[1] is: Do the terms of 51 O.S.1981 § 155(14), which except from governmental liability "[a]ny claim covered by the Oklahoma Workers' Compensation Act ...",[2] bar from recovery, not only one who, when injured, was a *covered employee* of the political subdivision sued in tort, but also *all* those who may claim compensation *from anyone* for the injurious event sought to be redressed? We hold that the § 155(14) exclusion bars only the covered employees of the defending political subdivision.

The plaintiff, an employee of a private company, sustained electrical burns in the course of his employment when he came in contact with high voltage lines owned and maintained by the defendant-city [City]. He received compensation benefits from his employer and then brought an action in tort against the City for negligent operation of

---

1. Oklahoma Political Subdivision Tort Claims Act, 51 O.S.1981 §§ 151 et seq.

2. The provisions of 51 O.S.1981 § 155(14) are: "A political subdivision or an employee acting within the scope of his employment shall not be liable if a loss results from: * * * 14. *Any claim covered by the Oklahoma Workers' Compensation Act or any claim covered by the Oklahoma Unemployment Compensation Act ...*" [Emphasis added].

its power lines. This is his appeal from summary judgment for the City.

The trial court's judgment rests on the § 155(14) exclusion. The cited section exempts a political subdivision from responsibility for a loss from "any claim" covered by our workers' compensation act.[3] The City urges that the statute absolves it from liability to *all* persons who, as a result of the injurious event in suit, may bring a claim for compensation against anyone. The plaintiff counters that the § 155(14) exception applies only to a suit brought against a municipality by its own employee who is covered by the workers' compensation act.

Our attention is called to decisional law from other jurisdictions in which a similar exclusion was held to embrace the *entire class* of persons who may claim compensation from *anyone* for the injurious event in suit.[4] In the two cases cited to us the appellate court reasoned that since a municipality's immunity from tort action for an on-the-job injury of its covered employee was already established by the exclusivity of the compensation law's remedy, the exception in the tort liability act would be rendered redundant or nugatory if it were to be construed as limited solely to the municipality's own covered employees. Although this argument might be convincing at first blush, it fails to consider both the legal antecedents of the legislation to be construed here and the significant differences between the language used in § 155(14) and that in the states whose decisions we are urged to follow. It is because the attempted analogy to the law of other states must fail that we reject the meaning sought to be ascribed to § 155(14) by the City.

The Act here under consideration was written largely upon a clean slate.[5] At the time of its enactment Oklahoma's case law still recognized a dichotomous division of municipal liability for delicts. In its *governmental* capacity the city enjoyed common-law immunity.[6] That immunity extended with equal force and effect, to compensation claims.[7] Judge-fashioned norms

---

**3.** Workers' Compensation Act, 85 O.S.1981 §§ 1 et seq.

**4.** Cited to us are: *McCarty v. Village of Nashwauk*, 286 Minn. 240, 175 N.W.2d 144 [1970] and *Granato v. City of Portland*, 5 Or.App. 570, 485 P.2d 1115 [1971]. The exclusion in both the Minnesota and the Oregon statute extends to "*[a]ny claim* for injury to or death *of any person covered by the workmen's compensation act*". [Emphasis ours]. The court in *McCarty* reasoned that if the legislature had intended to apply the exemption merely to employees of a political subdivision, it would not have failed to substitute the words "municipal employee" for "any person". The language in our tort liability act is significantly different. It excludes "[a]ny claim" without *explicitly* providing that the exemption is to be limited to employees of a political subdivision or is to apply to *any* plaintiff who, as a result of the injurious event in suit, may seek compensation benefits from anyone else.

**5.** Prior legislation on the subject was far from comprehensive. It dealt solely with municipal liability and applied to cities with a population in excess of 200,000. See Governmental Tort Liability Act, 11 O.S.Supp.1965 §§ 1751–1766. That Act was repealed by the provisions of 11 O.S.Supp.1977 §§ 23–201 et seq. in the Municipal Code of 1977, 11 O.S.Supp.1977 §§ 1–101 et seq. Before their effective date, the cited provisions of that Code were in turn repealed by the Act here under consideration. Oklahoma Political Subdivision Tort Claims Act, 51 O.S.1981 §§ 151 et seq. See Okla.Sess.L.1978, c. 203 § 21 p. 439.

**6.** The following were held to be *governmental functions*: (a) police activity—*City of Oklahoma City v. Taylor*, Okl., 470 P.2d 325, 327 [1970]; *Oklahoma City v. Bailey, Okl.*, 405 P.2d 115, 117–119 [1965]; (b) garbage collection—*Parks v. City of Oklahoma City*, Okl.App., 559 P.2d 1266, 1268 [1976]; (c) activities of city clerk—*Souligny v. City of Ponca City*, Okl., 272 P.2d 413, 414 [1954]; (d) health officers in the care of contagious diseases—*City of Shawnee v. Jeter*, 96 Okl. 272, 221 P. 758, 759 [1923]; and (e) traffic control—*City of Oklahoma City v. Taylor*, Okl., 470 P.2d 325, 327 [1970]; see also Municipal Corporations: Municipal Immunity—A Changing Doctrine in Oklahoma, 32 Okl. L.Rev. 890 [1979].

**7.** It was well established before the adoption of the municipal tort liability act that employees injured while working in the course of a municipality's *governmental* activity were not covered by the compensation act.
*City of Muskogee v. State Industrial Commission*, 150 Okl. 94, 300 P. 627, 629 [1931]; *Schuster v. City of Clinton*, Okl., 262 P.2d 157, 158 [1953]; *Oklahoma City v. State Industrial*

of monetarily unrestricted liability applied only to those tortious events which occurred while the municipality was acting in its *corporate or proprietary* role.[8] Although universal compensation coverage for municipal workers came to be written into Oklahoma statutes one year before the Political Subdivision Tort Claims Act was passed[9], both enactments became effective the *very same day*. When these changes were being introduced into our statutory law and before their implementation became possible, the now-obsolete notions of common-law immunity were still of current validity. The legislature doubtless saw a need for restating or reaffirming in § 155(14) that the exclusivity of compensation was to govern *all* covered city employees and for declaring that exclusivity to be a bar to the newly-created tort remedy for harm occasioned by a political subdivision both in its governmental as well as in its proprietary capacity.

We cannot agree with the City's view that § 155(14) is clear and unambiguous on its face and must hence operate to bar this plaintiff's action.

Section 155(14) is indeed fraught with ambiguity. Its language leaves one in doubt as to what is meant by the exclusion from liability of "a loss [that] results from * * * [a]ny claim covered by compensation . . ." At the very outset of the semantical problem confronting us here is the word "loss". It is defined in § 152(3) of the Act as "injury" or "damage". Neither of these—injury or damage—may, in strict legal parlance, "result" from "any claim". Rather, it may give rise to one. Assuming that § 155(14) should be construed to mean that a political subdivision is not liable for a loss which may result in "[a]ny claim covered by the Oklahoma Worker's Compensation Act",[10] we are still left to wonder whether this exclusion is intended for any claim *covered by anyone* or for any claim *covered by the political subdivision* in suit.

The alternatives presented by this appeal call on us to choose between a construction that would give § 155(14) a meaning co-extensive with the exclusivity of compensation remedy prescribed in 85 O.S.1981

Commission, 182 Okl. 621, 79 P.2d 575, 576 [1938]; *Carter v. City of Tulsa,* 201 Okl. 629, 208 P.2d 550, 551 [1949].

**8.** The following were held to be *proprietary* functions: (a) maintenance and street repair—*Swart v. City of Vinita,* Okl., 551 P.2d 1107, 1109 [1976]; (b) construction and maintenance of water systems—*City of Oklahoma City v. Moore,* Okl., 491 P.2d 273, 276 [1971]; (c) operation of garage to repair municipal vehicles—*City of Oklahoma v. Foster,* 118 Okl. 120, 247 P. 80, 82–83 [1926]; (d) maintenance of airport—*City of Blackwell v. Lee,* 178 Okl. 338, 62 P.2d 1219, 1220 [1936]; and (e) cleaning of city streets—*City of Tulsa v. Hodge,* Okl., 293 P.2d 344, 345 [1956].

This court held that a municipality was liable under the compensation law when, in its *proprietary capacity,* it is engaged in one of the "lines of employments or industries" defined as hazardous by the act.
*Board of County Commissioners of Tulsa County v. Bilby,* 174 Okl. 199, 50 P.2d 398, 400 [1935]; *Payton v. City of Anadarko,* 179 Okl. 68, 64 P.2d 878, 880 [1937]; *Montgomery v. St. Industrial Comm.,* 190 Okl. 439, 124 P.2d 726, 727 [1942]; *City of Tulsa v. Davis,* Okl., 376 P.2d 282, 283 [1962].

**9.** The sweeping changes in the Workers Compensation Act (85 O.S.1981 § 1 et seq.), by which public employees were to come under its purview, occurred during the 1977 legislative session (Okla.Sess.L.1977, c. 234), to become effective July 1, 1978. The Oklahoma Political Subdivision Tort Claims Act (51 O.S.1981 § 151 et seq.) was passed during the 1978 session (Okla.Sess.L.1978, c. 203) and its effective date, July 1, 1978, coincides with that enacted for the broad changes in the workers compensation law.

**10.** The Act is also ambiguous in failing explicitly to provide whether the disability imposed by § 155(14) is triggered by *making* a compensation claim or *having* a compensation remedy for the same injurious event as that which is to be redressed by the tort action. We are left here without explicit guidance as to whether the § 155(14) exclusion can be invoked against one who may, but is yet to, elect between a tort claim and a proceeding for compensation. See 85 O.S.Supp.1982 § 12 and 85 O.S.1981 §§ 65.2 and 65.3. See *Morgan v. Vandevers Dry Goods Company,* Okl., 370 P.2d 830, 833 [1962]; and *Pryse Monument Co. v. District Court,* Okl., 595 P.2d 435 [1979]. That question need not be reached here and we leave it unsettled.

§§ 12 [11] and 122 or that interpretation which would enlarge the restrictions upon a worker's right to bring a third-party tort action beyond the present ambit of 85 O.S. Supp.1982 § 11 and 85 O.S.1981 § 44. If we choose the first of these alternatives, legal disability to bring a tort action will stand confined to the "covered" employees of a political subdivision; but if we opt for the second, under disability to sue will be *everyone* who, though not in the employ of a political subdivision at the time of the loss, was afforded coverage by some other obligor for the injurious event in suit.

Common-law immunity is no longer invocable by a political subdivision. The Act abrogates it. Only those remnants of that ancient doctrine may be deemed currently viable which draw their efficacy from an explicit provision in the Act. Statutes in derogation of common-law disabilities must be construed liberally to effectuate their object. 12 O.S.1981 § 2 and 25 O.S.1981 § 29.[12]

From the four corners of the Act we cannot find any indication of legislative intent to provide a political subdivision with defenses not available to others who are sued by a worker in a third-party tort action. While the Act does limit the amount of allowable recovery and imposes the requirement of a pre-suit notice, it fails clearly to create any special defenses to a worker's third party action against a municipality. Unless *explicitly* immunized by law, a political subdivision is now *liable* in tort. The terms of § 155(14) do not appear explicitly to fashion greater immunity from tort action than that which is established by the compensation law. If the legislature did, indeed, intend to shield municipalities from liability beyond the scope of protection afforded them by 85 O.S.1981 §§ 12 and 122, its objective remains unexpressed. We will not enlarge upon a worker's statutory disability to bring a third-party tort action by implying municipal immunity from a legislative text that is silent, doubtful or ambiguous.

Judgment is reversed and cause remanded for further proceedings not inconsistent with this pronouncement.

HODGES, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

BARNES, C.J., and SIMMS, V.C.J., dissent.

---

11. The terms of 85 O.S.1981 § 12 provide in pertinent part:
"The liability [of the employer for compensation] ... shall be exclusive and in place of all other liability ... at common law or otherwise, for such injury ..."
The provisions of 85 O.S.1981 § 122 are to the same effect.

12. The provisions of 25 O.S.1981 § 29 are:
"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to the laws of this State, which are to be liberally construed with a view to effect their objects and to promote justice."