Minerva Lou HUFF, wife of Roy Dean Huff, deceased, Plaintiff–Appellee,

v.

STATE of Oklahoma, Defendant–Appellant,

Aetna Casualty & Surety Company, and Oklahoma Property and Casualty Company, Defendants.

No. 68521.

Supreme Court of Oklahoma.

Oct. 25, 1988.

---

Robert H. Henry, Atty. Gen., Cathy Clinton Dabney, Asst. Atty. Gen., Oklahoma City, for defendant-appellant.

John L. Harlan, Sapulpa, for plaintiff-appellee.

OPALA, Justice.

The issues presented are: (1) Does 51 O.S.Supp. 1986, § 155(14)[1] immunize the State from tort liability in a suit brought for a nonstate employee's wrongful death which resulted from an on-the-job accident compensable by the decedent's employer under the workers' compensation law? and if not, (2) Can prejudgment interest be added to the maximum amount of liability prescribed in 51 O.S.Supp. 1986 § 154(A)(2)?[2] We answer both questions in the negative.

Late one night in June, 1986 Roy Dean Huff [decedent] was struck and killed by an Oklahoma Highway Patrol car while in

---

1. The terms of 51 O.S.Supp.1986 § 155(14) provide:

   "The state or a political subdivision shall not be liable if a *loss or claim* results from:

   \*  \*  \*  \*  \*  \*

   14. *Any claim* covered by *any* workers' compensation act or any employer's liability act; \* \* \*" [Emphasis added.]

2. The pertinent terms of 51 O.S.Supp. 1986 § 154(A)(2) provide:

   "A. The *total liability* of the state and its political subdivisions on claims within the scope of this act arising out of an accident or occurrence happening after the effective date of this act *shall not exceed:*

   \*  \*  \*  \*  \*  \*

   2. *One Hundred Thousand Dollars ($100,-000.00) to any claimant for his claim for any other loss arising out of a single accident or occurrence....*" [Emphasis added.]

the course of his employment with a private company as he walked upon a marked crosswalk. The decedent's wife, Minerva Lou Huff [plaintiff], who was then receiving compensation benefits from her husband's employer, sought recovery from the State under the Governmental Tort Claims Act.[3] The trial court rendered judgment upon stipulated facts in the plaintiff's favor for $100,000.00, together with prejudgment interest.[4] We affirm the judgment against the State *only* insofar as it awards the principal amount of recovery.

## I

### SECTION 155(14) IMMUNITY

█ Relying on the provisions of 51 O.S. Supp. 1986 § 155(14),[5] the State argues that it cannot be held liable to the plaintiff because her claim was covered by the Workers' Compensation Act.[6] In *Jarvis v. City of Stillwater*,[7] a case with facts virtually the same as those in the case at bar,[8] we held that the immunity provided by 51 O.S. *1981* § 155(14) was confined to tort liability pressed *by employees of political subdivisions* whose claims are covered by the Workers' Compensation Act. On the question whether § 155(14) also afforded immunity from like liability to *nongovernmental* employees, we concluded that the statute was either silent or ambiguous on the point and we declined to construe its provisions so as to clad the political subdivisions in a mantle of all-inclusive immunity.[9] Because § 155(14) has been amended since *Jarvis*, we must now decide whether the after-enacted changes expanded the class of claimants who are barred from suing the State to include nongovernmental employees protected by their own employer's liability for on-the-job injury or death pursuant to the workers' compensation law.

When *Jarvis* was decided the terms of § 155(14) were:

"A political subdivision or an employee acting within the scope of his employment shall not be liable if a *loss* results from:

\* \* \* \* \* \*

14. *Any claim covered by the Oklahoma Workers' Compensation .Act* or any claim covered by the Oklahoma Unemployment Compensation Act." [Emphasis added.]

The 1984 amendment [10] of § 155(14) now in force provides:

"The state or a political subdivision shall not be liable if a *loss or claim* results from:

\* \* \* \* \* \*

14. *Any claim* covered by *any workers' compensation act* or any employer's liability act." [Emphasis added.]

We are of course mindful that when amending a statute the legislature is presumed to be familiar with the then extant judicial construction that is in force.[11] The issue now to be resolved is whether an intent to change the meaning of § 155(14) clearly appears from the post-*Jarvis* amendatory enactment.

---

3. 51 O.S.Supp.1984 §§ 151 et seq. The claim was initially pressed also against Aetna Casualty and Surety Company and Oklahoma Property and Casualty Company, both of whom were later dismissed from the suit.

4. The parties stipulated below that the damages suffered by the decedent's survivors were "not less than $100,000.00."

5. The terms of 51 O.S.Supp.1986 § 155(14) are quoted *supra* in note 1.

6. 85 O.S.1981 §§ 1 et seq.

7. Okl., 669 P.2d 1108 [1983].

8. In *Jarvis v. City of Stillwater, supra* note 7, a private company's employee was injured when he came in contact with high voltage lines owned and maintained by the City of Stillwater [City]. After receiving compensation benefits from his employer, the employee sued the City for negligence under the Political Subdivision Tort Claims Act (51 O.S.1981 §§ 151 et seq.).

9. *Jarvis v. City of Stillwater, supra* note 7 at 1111.

10. Okl.Sess.L.1984, ch. 226, § 6, p. 815. The text of § 155(14) remains unchanged since the 1984 amendment.

11. See *Lekan v. P & L Fire Protection Co.*, Okl., 609 P.2d 1289, 1292 [1980] and *Garrison v. State*, Okl., 420 P.2d 474, 477 [1966].

We can discern no intent to enlarge the subsection 14 immunity to the extent pressed by the State. The terms of the amended statute are not substantially different from the earlier version and must hence be accorded the construction identical to that placed upon them by antecedent case law.[12] Further support for our conclusion can be found in the amendment's legislative history and the statutory schemes of both the Governmental Tort Claims Act and the Workers' Compensation Act.

### A.

The *Jarvis* version of § 155(14) came to be amended with the repeal of the Political Subdivision Tort Claims Act which was replaced by the post-*Vanderpool*[13] enactment of the Governmental Tort Claims Act in 1984.[14] When the bill was first introduced the text of what later became § 155(14) stated:

"The state shall not be liable if a claim arises from:

\* \* \* \* \* \*

16. *Any loss* to *any claimant* covered by any workers' compensation act, any employer liability act or any unemployment act...." [15] [Emphasis added.]

The phrases "any loss" and "any claimant" were eventually deleted from the proposed act and replaced with "any claim." Since "loss" means death or bodily injury,[16] and "any claimant" would include any aggrieved person who files a claim,[17] *excising the "any loss" and "any claimant" phrases from the proposed bill while in the process of legislative consideration clearly evinces the intent to keep the class of exempted claims confined to those made by the State's and political subdivisions' own employees.*[18] We hence conclude that the 1984 amendment must be deemed to have left undisturbed the *Jarvis* construction of § 155(14).[19]

### B.

█ The State argues that the language of the 1984 amendment of § 155(14) shows disapproval of that statute's construction in *Jarvis*. On the contrary, changing the class of claims, for which the State may not be held liable, from "[a]ny claim covered by

---

12. See *Lekan v. P & L Fire Protection Co., supra* note 11, and *Garrison v. State, supra* note 11. In *Jarvis v. City of Stillwater, supra* note 7, at 1109, n. 4, and 1110, we noted that the terms of 51 O.S.1981 § 155(14) were devoid of any *explicit* language immunizing political subdivisions from liability for claims brought by *"any person"* whose injury or death was covered by our compensation laws.

13. In *Vanderpool v. State,* Okl., 672 P.2d 1153, 1156–1157 [1983], we declared the doctrine of sovereign immunity partially abrogated and invited the legislature to enact a comprehensive tort liability act addressing the immunity of the State (sovereign) and its political subdivisions (governmental entities).

14. Okl.Sess.L.1984, ch. 226, §§ 1 et seq.

15. S.B.No. 469 as introduced.

16. 51 O.S.Supp. 1986 § 152(6). Its terms, which are identical to the 1984 version, provide:

    " 'Loss' means death or injury to the body or rights of a person or damage to real or personal property or rights therein."

17. 51 O.S.Supp. 1986 § 152(4). Its pertinent terms, unchanged since 1984, provide:

    " 'Claimant' means the person or his authorized representative who files notice of a claim in accordance with this act. Only the following persons and no others may be claimants: a. any person holding an interest in real or personal property which suffers a loss ..., b. the individual actually involved in the accident or occurrence who suffers a loss ..., or c. in the case of death, an administrator, special administrator or a personal representative who shall aggregate in his claim all losses of all persons which are derivative of the death." [Emphasis added.]

18. Although § 155 has been amended twice since 1984, subsection 14 was readopted each time without change. See Okl.Sess.L.1986, ch. 66, § 1, p. 115–116, and Okl.Sess.L.1987, ch. 69, § 12, p. 278–279.

19. In *Jarvis v. City of Stillwater, supra* note 7 at 1110–1111, the court concluded that 51 O.S. 1981 § 155(14) was ambiguous because we were "left to wonder whether this exclusion is intended for any claim *covered by anyone* or for any claim *covered by the political subdivision* in suit." As do the terms of its present version, the earlier version of § 155(14) did not appear explicitly to fashion greater immunity from tort liability than that afforded by compensation law.

the Oklahoma Workers' Compensation Act" to "[a]ny claim covered by any workers' compensation act" makes the statute consistent with the provisions of 85 O.S. 1981 § 4.[20] The latter section allows a worker to elect between the compensation law of Oklahoma and that of the state in which the accident occurred. The amendment to § 155(14) merely *modifies*[21] the State's immunity to encompass within its ambit not only Oklahoma-based claims but also those which may be authorized by another state's compensation laws.

■ A compensation claimant is entitled by 85 O.S.Supp. 1986 § 44[22] to proceed against a third-party tortfeasor who is a stranger to the employment relation. There is no legislative imprimatur for placing the State in a class different from that of any other third-party tortfeasor defending against a claim for injuries or death by one who, when injured or killed, was in the employ of another.

## II

## PREJUDGMENT INTEREST

■ Over the State's objection[23] the trial court added prejudgment interest to the $100,000.00 awarded plaintiff in damages. The State contends it should not be held liable for any sum in excess of $100,000.00 and notes the statutory limit prescribed in 51 O.S.Supp. 1986 § 154(A)(2).[24] We agree and hold that prejudgment interest may not be awarded when, as here, the total recovery would exceed the State's maximum statutory liability.

■ The plaintiff argues that § 154(A)(2) merely limits the State's liability to the amount claimed before or at the time an

**20.** The pertinent terms of 85 O.S. 1981 § 4 provide:

"From and after the passage and effective date of the Workers' Compensation Act, *all the provisions of the Workers' Compensation Act of this state,* Sections 1 et seq. of this title, *shall apply* to employers and to employees, *irrespective of where accident resulting in injury may occur,* whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this state under direction of such employer. *In such case the injured employee may elect to commence and maintain his action for benefits and compensation in the State of Oklahoma* as provided in the Workers' Compensation Act and the Court is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this state. *Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the state where injury occurred,* and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the Workers' Compensation Act of this state. * * *" [Emphasis added.]

**21.** When first introduced, the title to S.B. No. 469 provided:

"AN ACT RELATING TO TORTS ... *PROVIDING CIRCUMSTANCES WHEN THE STATE SHALL NOT BE LIABLE....*" [Emphasis added.]
The legislation's title as enacted provides:

"AN ACT ... ESTABLISHING THE GOVERNMENTAL TORT CLAIMS ACT; ... *MODIFYING AND ADDING EXEMPTIONS FROM LIABILITY....*" [Emphasis added.]

**22.** The pertinent terms of 85 O.S.Supp. 1986 § 44(a) provide:

"*If a worker entitled to compensation* under the Workers' Compensation Act *is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other.* * * * If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. * * *" [Emphasis added.]

**23.** The error asserted by the State regarding prejudgment interest was preserved by a reference to its objection in the journal entry of judgment.

**24.** For the pertinent terms of 51 O.S.Supp. 1986 § 154(A)(2) see *supra* note 2.

action is filed. We disagree. That subsection limits the State's liability "on *claims* ... to One Hundred Thousand Dollars ($100,000.00) to any claimant for his *claim....*" [Emphasis added.] "Claim" is defined as "any written demand presented by a claimant ... to recover money,"[25] and prejudgment interest is allowed by 12 O.S. Supp. 1986 § 727(A)(2)[26] from the time an action is filed to when a damage award or verdict is rendered.[27] The plaintiff seems to contend that because prejudgment interest does not begin to accrue until *after* suit is commenced, it should not be held included within the maximum tort recovery limit.

▮ Whenever appropriate, prejudgment interest is a statutorily authorized item of recovery; it constitutes but a part of the judgment to which it is attached.[28] As an item of recovery prejudgment interest must be added to other damages in calculating the State's total liability. A contrary construction of the § 154(A)(2) recovery limit would violate the proscription in 51 O.S.Supp. 1986 § 154(F)[29] against judicial enlargement of the State's maximum liability for tort.

The allowance of prejudgment interest cannot stand because, by its addition to the judgment, the trial court impermissibly exceeded the statutory limit on total recovery against the State.

THE TRIAL COURT'S JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

25. 51 O.S.Supp. 1986 § 152(3), whose terms, unchanged since 1984, provide:
"*'Claim' means any written demand presented by a claimant* or his authorized representative in accordance with this act *to recover money* from the state or political subdivision as compensation for an act or omission of a political subdivision or the state or an employee." [Emphasis added.]

26. The pertinent terms of 12 O.S.Supp. 1986 § 727(A)(2) provide:
"A. All judgments of courts of record shall bear interest at a rate prescribed pursuant to subsection B of this section, except judgments against this state and its political subdivisions, including counties, municipalities, school districts, and public trusts of which this state or a political subdivision of this state is a beneficiary, which shall bear interest during the term of judgment at a rate prescribed pursuant to subsection B of this section, but not to exceed ten percent (10%), from the date of rendition, provided that:
\* \* \* \* \* \*
2. *When a verdict for damages* by reason of personal injuries or injury to personal rights including, but not limited to, injury resulting from bodily restraint, personal insult, defamation, invasion of privacy, injury to personal relations, or detriment due to an act or omission of another *is accepted by the trial court,* the court *in rendering judgment shall add interest on said verdict* at a rate prescribed pursuant to subsection B of this section *from the date the suit was commenced to the date of verdict,* except such verdict against this state and its political subdivisions, including counties, municipalities, school districts, and public trusts of which this state or a political subdivision of this state is a beneficiary, shall bear interest at the rate prescribed pursuant to subsection B of this section, but not to exceed ten percent (10%) from the date the suit was commenced to date of verdict. \* \* \* " [Emphasis added.]

27. Prejudgment interest may be added not only to verdicts but also to damage awards rendered in nonjury trials or by confession. See *Dulan v. Johnston,* Okl., 687 P.2d 1045, 1047 [1984] and *Walker v. St. Louis–San Francisco Ry. Co.,* Okl., 671 P.2d 672, 673–674 [1983].

28. See 12 O.S.Supp. 1986 § 727(A)(2), *supra* note 26; *Messler v. Simmons Gun Specialties, Inc.,* Okl., 687 P.2d 121, 130 [1984]; and *Holland v. Dolese Co.,* Okl., 643 P.2d 317, 324 [1982].

29. The terms of 51 O.S.Supp. 1986 § 154(F) provide:
"The liability of the state or political subdivision under this act shall be several from that of any other person or entity, and the state or political subdivision shall only be liable for that percentage of total damages that corresponds to its percentage of total negligence. *Nothing in this section shall be construed as increasing the liability limits imposed on the state or political subdivision under this act.*" [Emphasis added.]
We note also that the pre–1984 version of § 154(A) provided:
"The *liability* of a political subdivision ... shall not exceed...." [Emphasis added.] 51 O.S. 1981 § 154(A).
Subsection (A) of § 154 was amended in 1984 to provide as it does today:
"The *total liability* of the state and its political subdivisions ... shall not exceed...." [Emphasis added.] See Okl.Sess.L.1984, ch. 226, § 5, at 814 and 51 O.S.Supp. 1986 § 154(A).

SIMMS, J., dissents.

KAUGER, J., recused.