Brett A. BOLIN, Appellant,

v.

STATE of Oklahoma ex rel. DEPART-
MENT OF TRANSPORTATION,
Appellee,

and

Casey Lee Wilson, an individual,
Defendant.

No. 76801.

Court of Appeals of Oklahoma,
Division No. 4.

March 3, 1992.

Certiorari Denied Oct. 6, 1992.

J. David Ezzell, Tom L. Newby, Elliott,
Enabnit, Newby & Ezzell, Enid, David W.
Edmonds, Mark A. Wolfe, Edmonds, Cole,

Hargrave, Givens & Witzke, Oklahoma City, for appellant.

Linda Bickerstaff, Janet E. Dech, Assts. Gen. Counsel, Oklahoma Dept. of Transp., Oklahoma City, for appellee.

BACON, Chief Judge.

This is an appeal by a county employee from the trial court's sustention of the State's motion to dismiss filed on behalf of the Department of Transportation. Upon review of the record and applicable law, we affirm.

Bolin, a Garfield County employee, was injured while at work when the vehicle in which he was a passenger collided with a vehicle driven by defendant Wilson and owned by the Oklahoma Department of Transportation. After receiving workers' compensation benefits from the county, Bolin sued the driver and the State for negligence under the Governmental Tort Claims Act. The State filed a motion to dismiss on the grounds that it was exempt from liability under 51 O.S.Supp.1990 § 155(14) of the Governmental Tort Claims Act. The trial court agreed and ordered the State dismissed from the case. Bolin timely filed this appeal.

From its inception until 1985, section 155(14) exempted the State from liability for "[a]ny claim covered by the Oklahoma Workers' Compensation Act." The Oklahoma Supreme Court in *Jarvis v. City of Stillwater,* 669 P.2d 1108 (Okla.1983), held that this language merely exempted the State from tort liability when pressed by one of its own employees whose claim was covered by the Workers' Compensation Act. All other non-state employees were free to sue the State in tort even though their claims were covered by workers' compensation.

Following the court's decision in *Jarvis,* the legislature amended section 155(14) in 1984. The amended language exempted the State from liability for "[a]ny claim covered by *any* Workers' Compensation Act." 51 O.S.Supp.1984 § 155(14) (emphasis added). Despite the amended language, the court in *Huff v. State,* 764 P.2d 183 (Okla.1988), reaffirmed the rule pro-

nounced in *Jarvis* and declined to interpret the amended language as enlarging the class of employees barred from bringing suit against the State for injuries that were also covered by workers' compensation. In both cases, the court pointed out that the language of section 155(14) did not explicitly provide that the exemption covered *any person* whose injury was also covered by a workers' compensation law. *Jarvis,* 669 P.2d at 1109 n. 4; *Huff,* 764 P.2d at 186. The court declined to infer such an intent from a silent text.

In 1988, the legislature again amended section 155(14) to exempt the State from liability for *"[a]ny loss to any person* covered by *any* workers' compensation act." 51 O.S.Supp.1988 § 155(14) (emphasis added). The issue is whether the 1988 amendment to section 155(14) expands the class of plaintiffs who are barred from suing the State to include *all* people whose claims are covered by workers' compensation or remains a bar only to covered state employees.

Where the meaning of a statute has been the subject of judicial interpretation, the subsequent amendment of that statute reasonably indicates the legislative intention to change the law. *Tom P. McDermott, Inc. v. Bennett,* 395 P.2d 566 (Okla.1964). We find that, by substituting the language, "[a]ny loss to any person" for "[a]ny claim," the legislature intended to expand the class of plaintiffs barred from suing the state to include any person, not just state employees, whose injury is covered by workers' compensation.

Appellant contends that, even if section 155(14) applies, it should not bar him from suing the State for those elements of damage not recoverable under workers' compensation such as pain, suffering and loss of consortium. This contention is without merit. First, Appellant cites no support for his position. Second, we will not read into a statute exceptions not made by the legislature. *In re Mid America Peterbilt,* 593 P.2d 499 (Okla.1979).

Appellant's contention that section 155(14) violates the Equal Protection

Clause of the Fourteenth Amendment is likewise without merit. Under the 1988 amendment, the exemption applies equally to all plaintiffs, no matter by whom they are employed. Nor is the doctrine of sovereign immunity violative of either the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Griggs v. State ex rel. Oklahoma Dept. of Transportation,* 702 P.2d 1017 (Okla.1985).

AFFIRMED.

REIF and STUBBLEFIELD, JJ., concur.