Joella SMITH, as Personal Representative of the Estate of Vestil Leon Smith, deceased, Appellant,

v.

STATE of Oklahoma, ex rel., DEPARTMENT OF TRANSPORTATION, Appellee.

No. 75807.

Supreme Court of Oklahoma.

June 7, 1994.

---

**1148**

ALMA WILSON, Justice:

The issues raised on certiorari are whether the opinion of the Court of Appeals herein, interpreting 51 O.S.Supp.1988, § 155(14), conflicts with prior decisional law and violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. We conclude that the issues presented are governed by *Childs v. State of Oklahoma ex rel. Oklahoma State University,* 848 P.2d 571 (Okla.1993). We hold that 51 O.S.Supp.1988, § 155(14) grants sovereign immunity to the appellee State of Oklahoma ex rel. Department of Transportation from liability to the appellant Joella Smith, personal representative of the estate of Vestil Leon Smith, deceased, as a third-party tortfeasor for the wrongful death of Vestil Leon Smith.

The material facts are undisputed. On January 25, 1989, while acting within the scope of his employment, Vestil Leon Smith was fatally injured when he lost control of his tractor-trailer on State Highway 31. In April of 1989, Smith's surviving spouse, Joella Smith (appellant), filed a workers' compensation claim for death benefits. In August of 1989, appellant filed this action for wrongful death against the State, alleging that the Department of Transportation had knowledge of the unsafe conditions of Highway 31 and that the Department failed to correct the conditions and/or to give warning of the conditions. By motion for summary judgment, the State asserted that it was immune from liability by 51 O.S.Supp.1988, § 155(14). The trial court granted summary judgment and the Court of Appeals affirmed.[1]

■ *Childs v. State of Oklahoma ex rel. Oklahoma State University* was pronounced subsequent to our granting certiorari herein. *Childs* considered the application of § 155(14) to a claim for wrongful death of a Texas resident fatally injured while acting in the course of his employment. Upon review of our opinions in *Jarvis v. City of Stillwater,* 669 P.2d 1108 (Okla.1983), and *Huff v. State,* 764 P.2d 183 (Okla.1988),[2] *Childs* concluded

Paul E. Quigley, Derryberry, Quigley, Parrish, Solomon and Blankenship, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Julie Jones Corley, Asst. Atty. Gen., Oklahoma City, for appellee.

1. Because of our subsequent opinion in *Childs,* the Court of Appeals opinion, released for publication, is vacated. However, we note that, consistent with *Childs,* the Court of Appeals determined the 1988 version of § 155(14), plainly and without ambiguity, provides governmental immunity from tort claims by both state and non-state employees where those claims are covered by workers' compensation laws and the grant of sovereign immunity in § 155(14) is not constitutionally infirmed.

2. *Jarvis* and *Huff* concluded that pre–1988 versions of § 155(14) provided governmental immunity against claims by governmental employees

that the 1988 amendment to § 155(14)[3] "clearly demonstrates an intent to extend the State's Subdiv. 14 immunity to embrace **claims by all nongovernmental employees covered for the injurious event by the workers' compensation regime of any state."**[4] *Childs* further concluded that § 155(14) passes constitutional muster in that it does not unduly burden interstate commerce, it does not violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment and it does not violate the Full Faith and Credit Clause of the United State Constitution.[5] *Childs* is dispositive of this appeal.

**OPINION OF THE COURT OF APPEALS IS VACATED; SUMMARY JUDGMENT OF THE DISTRICT COURT IS AFFIRMED.**

All Justices concur.

covered by workers' compensation laws of this state.

**3.** The 1988 version of § 155(14), 1988 Okla.Sess. Laws, ch. 241, § 2, which remains unchanged and is codified at 51 O.S.1991, § 155(14), provides:

The state or a political subdivision shall not be liable if a loss or claim results from:

14. Any loss to any person covered by any workers' compensation act or any employers' liability act;

**4.** *Childs*, 848 P.2d at 576.

**5.** *Childs*, 848 P.2d at 576–578.