INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.*
SPANGLER.

[No. 9,727.   Filed March 27, 1919.]

1. **APPEAL.**—*Review.*—*Verdict.*—*Sufficiency of Complaint to Sustain Verdict.*—In a servant's action against the master for personal injuries, a paragraph of complaint stating a cause of action under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) is sufficient to sustain a verdict for plaintiff, where he brought himself within the terms of the statute, as required by the court's instructions, and it is immaterial that other paragraphs of the complaint based upon common-law liability are subject to the fellow-servant defense. p. 635.

2. **APPEAL.**—*Review.*—*Instructions.*—*Consideration as a Whole.*—*Presumptions.*—Instructions should be considered as a whole, and not in detached fragments, and when so considered, if the law has been presented to the jury with reasonable clearness, it will be presumed that the jury was not misled, even though an instruction taken alone might be erroneous. p. 635.

3. **MASTER AND SERVANT.**—*Injuries to Servant.*—*Questions for Jury.*—*Instructions.*—*Proximate Cause.*—*Negligence.*—In a servant's action against a street car company for injuries sustained by plaintiff when struck by a street car alleged to have been negligently operated, an instruction embodying the idea that the men in charge of the car were in the exercise of due care, and that the accident and injury were caused by other employes, not charged with negligence, who ordered the car moved to the place where the accident occurred, was properly refused as assuming a fact which was disputed, where there was no evidence indicating that the employes giving the order were authorized to do so, since it was for the jury to determine whether the motorman in obeying such direction was in the exercise of due care, or whether the injury was the result of the combined negligence of the motorman and the employes giving the order. p. 636.

4. **MASTER AND SERVANT.**—*Injuries to Servant.*—*Scope of Employment.*—*Negligence.*—*Burden of Proof.*—*Statute.*—Where defendant street car company, by its agent, announced that its employes would be paid at the car barns, the jury had the right to infer that such announcement amounted to an order to go to the barn to be paid, and that employes were in the line of their duty in so doing, and, in an action by a servant who was there struck by a car, the burden of proving that the duty was performed in a negligent manner was upon the master under §8020b Burns 1914, Acts 1911 p. 145. p. 637.

5. NEGLIGENCE.—*Contributory Negligence.*—*Sudden Peril.*—One act-ing under an impulse or upon the belief created by sudden danger by reason of another's negligence is not to be regarded as guilty of contributory fault, even though the act would be regarded as negligent under circumstances not indicating sudden peril.    p. 637.

From Marion Superior Court (98,087); *V. G. Clif-ford,* Judge.

Action by Otto Spangler against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*D. E. Watson, W. H. Latta* and *M. E. Foley,* for ap-pellant.

*Robert Dalton* and *William E. Reiley,* for appellee.

NICHOLS, J.—This is an action by appellee against his employer, the appellant, for personal injuries alleged to have been sustained by being crushed be-tween two cars owned and operated by the appellant. The case went to issue and trial upon three para-graphs of complaint, to which the appellant answered in general denial. The jury returned a verdict for the appellee, upon which judgment was rendered. Appellant filed its motion for a new trial, which was overruled, and now prosecutes this appeal.

Appellant's counsel, after making request for oral argument, failed to appear at the time fixed therefor, though notified, and failed to inform the court that they would not appear.

The first paragraph of the complaint avers in sub-stance that the appellant, a corporation, owned and operated a street railway in the city of Indianapolis, Indiana, and that on January 20, 1915, among its cars which were operated, there were two cars, one desig-nated as a pay car and the other as car No. 204; that the appellant employed at said time, in the conduct

NOVEMBER TERM, 1918.	633

Indianapolis Traction, etc., Co. v. Spangler—69 Ind. App. 631.

of its business, more than five persons; that appellant maintained at said time places in said city for the repairing, cleaning and storing of street cars when not in actual service, and that one of such places was known as the "Louisiana car barns," which was located in said city; that in these barns there were many tracks on which the cars were run and operated and placed temporarily for the purpose of cleaning, repairing and storing, and that such tracks are close together and parallel; that among the employes of the appellant there were at said time two men, one employed as a motorman and the other as a conductor, and that they' were at the time in control of the movement and operation of said car No. 204, and were subject to the order and instructions of the appellant, and were acting in the line of their duties; that at said time, and for a long time prior thereto, appellee had been in the employ and service of said appellant, and was subject to its orders and instructions, and was at said time acting within the line of his duty; that at said time the appellee, together with a large number of other employes and servants of appellant, was ordered by appellant to stand along the east side of said pay car, which was, at said time, upon one of the tracks in said Louisiana car barns, and that this appellee, together with others, did stand along the east side of said pay car; that there was another track just east of and parallel with the one upon which the pay car stood, upon which said car No. 204 was standing, only a short distance from the pay car; that at said time the appellant and their servants and employes were in full view of said motorman and conductor, who were in control and operation of car No. 204, and that said motorman and conductor saw, or by the exercise of ordinary care should

have seen, this appellee and other employes standing in line along the side of said pay car and to the east thereof, and between the tracks upon which said car No. 204 and the tracks upon which said pay car were standing; that there were a large number of men in front of and behind this appellee as he stood there, and that suddenly and without warning said motorman and conductor started said car No. 204 forward, and ran said car rapidly, carelessly and negligently past said pay car and past the line of employes so standing in line, including this appellee, and that thereby appellee was struck by said car No. 204 and was rolled and crushed between said pay car and car No. 204 and greatly injured. The appellee was a machinist by trade; thirty-two years of age, with an expectancy of thirty-four years, and had been damaged in the sum of $7,000, which damages were occasioned solely by the fault and negligence of the appellant's servants, and without the fault or blame of the appellee.

The second and third paragraphs of complaint are substantially the same as the first, except that in the second and third there is no averment that at the time of the accident complained of the appellant employed more than five men.

The only error assigned by appellant is that the Marion Superior Court erred in overruling appellant's motion for a new trial. The appellee has filed his motion to dismiss the appeal, for the reason that the appellant's brief does not, in certain particulars, conform to the rules of the court, but we think there has been a substantial, good-faith effort to comply, and the motion to dismiss is overruled.

The appellant contends that the verdict of the jury is contrary to law, for the reason that appellee, being

NOVEMBER TERM, 1918.			635

Indianapolis Traction, etc., Co. *v.* Spangler—69 Ind. App. 631.

a fellow servant of the men charged with the
1. negligent act that caused the injury, cannot
recover at common law, and that he was not
required by the court to bring himself within the
terms of the statute. There is no challenge of the
complaint in the trial court by demurrer, or otherwise, but, granting that the appellee cannot recover
under the second and third paragraphs of complaint,
for the reason that they are each based upon common-law liability, still, he may recover under the first paragraph of complaint, which is based upon the statute,
and this is sufficient to sustain the verdict and judgment. *Harris* v. *Rivers* (1876), 53 Ind. 216; *Dice* v.
*Morris* (1869), 32 Ind. 283; *Kelsey* v. *Henry* (1874),
48 Ind. 37. The evidence clearly shows that the appellant employed more than five persons at the time
of the accident, and the appellee thereby brought himself within the compass of the statute, as he was required to do by the seventh instruction of the court,
given on its own motion.

Applied to the first paragraph of the complaint,
the fourth instruction of the court was not erroneous,
though it omitted the element of the employ-
2. ment of five men or more. Full proof was
made of such employment, and besides this was
fully covered by the seventh instruction of the court.
Instructions should be considered as a whole, and not
in detached fragments, and when so considered, if
the law has been presented to the jury with reasonable clearness, it will be presumed that the jury was
not misled, even though an instruction taken alone
might be erroneous. *McIntosh* v. *State* (1898),
151 Ind. 251, 256, 51 N. E. 354; *Mortimer* v. *Daub*
(1912), 52 Ind. App. 30, 36, 98 N. E. 845; *American,*

636 APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Spangler—69 Ind. App. 631.

*etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 87 N. E. 1051; *Reddick* v. *Young* (1912), 177 Ind. 632, 98 N. E. 813.

There was no error in refusing to give appellant's instruction No. 1. As stated by appellant in its brief, this embodies the idea that the men in charge of the passenger car, who are charged with negligence, were in the exercise of due care, and that the accident and injury were caused by other employes not charged with any negligence. This amounts to an assumption of a fact that is disputed. There is nothing in the evidence in this case that indicates that the employes who called out to the motorman operating the passenger car to come into the barn were authorized to give such direction, and it was for the jury to say whether such motorman was in the exercise of due care when he obeyed such direction. This the court could not determine as a matter of law. If it was negligence for such other employes to give such direction to the motorman to come into the barn, then the jury might have concluded that it was negligence for the motorman to obey such direction. If the accident was the result of the concurrent negligence of such employes and the motorman combined together, either such employes or the appellant may be liable for the injury resulting from such negligence, or both may be liable therefor. *South Bend Mfg. Co.* v. *Liphart* (1894), 12 Ind. App. 185, 39 N. E. 908; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *City of Logansport* v. *Smith* (1911), 47 Ind. App. 64, 73, 93 N. E. 883; *Vincennes Traction Co.* v. *Curry* (1915), 59 Ind. App. 683, 691, 109 N. E. 62.

The seventh instruction is not subject to the objection of the appellant thereto. It is expressly averred in the first paragraph of the complaint, as well as in the others, that the appellee was ordered and instructed by the appellant to stand along the east side of the pay car, which said pay car was, at the said time, upon one of the tracks in said Louisiana car barns, and that this appellee, with other employes, was in line, moving past the pay window, receiving their wages. It appears by the evidence that the appellant had commenced to pay its employes at the terminal station, but that, after paying two or three, appellant, by one of its agents, announced that such employes would be paid at said Louisiana car barns, and that thereupon they went down there for that purpose. The jury might rightly infer that such announcement amounted to an order to the men to go to said barn to receive their pay, and that they were in the line of their duty in so doing. There is no evidence that this duty was performed in a negligent manner, and, under the statute, the burden of such evidence was upon the appellant. §8020b Burns 1914, Acts 1911 p. 145.

Instruction No. 10, is not open to the objection made by the appellant. It is an elementary principle of law that one who acts under an impulse or upon the belief created by sudden danger by reason of another's negligence is not to be regarded as guilty of contributory fault, even though the act would be regarded as a negligent one performed under circumstances not indicating sudden peril. *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 200, 31 N. E. 808, 17 L. R. A. 811; *Lake Shore, etc., R. Co.* v. *Myers* (1912), 52 Ind. App. 59, 98 N. E. 654, 100 N. E. 313; *Dieckman* v. *Louisville, etc., Traction Co.* (1910), 46

Ind. App. 11, 89 N. E. 909, 91 N. E. 179. Instruction No. 10 is in harmony with this principle, and only undertakes to say to the jury that, if they shall find facts as therein stated, then the principle applies. Under such conditions, if so found by the jury, the question becomes one of law for the court. *City of Valparaiso v. Schwerdt* (1907), 40 Ind. App. 608, 82 N. E. 923. The instruction was not an invasion of the province of the jury.

We find no available error. Judgment affirmed.