**CITY OF HAMMOND,**
**Appellant/Cross Appellee,**

v.

**Katherine A. ROSSI, As Administratrix**
**of the Estate of John J. Rossi, Jr.,**
**Appellee/Cross Appellant.**

**No. 4–1185 A 310.**

Court of Appeals of Indiana,
Fourth District.

June 28, 1989.

Rehearing Denied Aug. 4, 1989.

Frank J. Galvin, Jr., Eric L. Kirschner, Galvin, Stalmack, Kirschner & Clark, Hammond, for appellant/cross appellee.

William J. O'Connor, O'Connor & O'Connor & Associates, Hammond, Thomas B. Dumas, Rensselaer, Kenneth L. Anderson, Highland, for appellee/cross appellant.

MILLER, Judge.

John J. Rossi, a City of Hammond firefighter, was electrocuted and died while working on July 8, 1982. Katherine Rossi, his widow and administratrix of his estate, brought a wrongful death suit against multiple parties, all of whom settled or were dismissed before trial except the City of Hammond, his employer. The jury rendered a verdict for Rossi and against the City in the sum of $937,995.00. The trial court entered judgment on the verdict in that sum, and then reduced the amount by $108,704.00 for the present value of payments received by Rossi from joint tortfeasors under a covenant not to sue. The court found the City's limit of liability under our Tort Claims Act to be $300,000.00 and further reduced the judgment by $529,-291.00, leaving a judgment owing of $300,-000.00. The City appeals, claiming Rossi tried the case under the Employer's Liability Act so that the Act's $10,000.00 liability limit should have been applied by the court to reduce the jury verdict to a judgment of $10,000.00. The City also argues set offs should apply to the judgment and not the verdict.

We reverse and remand with instructions to enter judgment in favor of Rossi and against the City in the amount of $10,-000.00.

FACTS

On July 8, 1982 Private John J. Rossi, Jr. was on duty at Station 8 of the City of Hammond Fire Department. Captain John Kondra, who was on vacation, ordered three units of firemen, including those at Station 8, to the Knights of Columbus Hall to assist in raising a flag pole for that fraternal organization as a training activity. Rossi drove a snorkel unit to the Hall and placed it in position. Rossi went up in the bucket and, after the flag pole had been placed, began to remove the harness

from the flag pole. Acting Captain Jon Peters was then operating the snorkel and moved its boom arm into nearby NIPSCO power lines. When Rossi touched the flag pole, he was grounded and electrocuted. At the time of his death, Rossi was employed as a full time private on the City's fire department.

Katherine Rossi, decedent's widow and administratrix of his estate, gave notice to the City pursuant to the Indiana Tort Claims Act and filed suit against multiple parties under the Indiana Tort Claims Act, I.C. 34–4–16.5–1 et seq., arguing the City was negligent and violated Rossi's employment contract by failing to provide a safe work environment. Before trial against the City, Rossi agreed with the other defendants to a covenant not to sue and a structured settlement with a present day value of $108,704.00 which would yield, beginning May 15, 1985, $373.00 per month for life with 20 years guaranteed in the event of her death for Mrs. Rossi and $195.00 per month for six years from age 18 through 24 years for each of the decedent's six natural children. In addition, each child would receive three $10,000.00 distributions at ages 24, 27, and 30 years. The former codefendants purchased an annuity to pay these sums. The parties stipulated to the covenant not to sue and the payments to be received under the structured settlement at trial.

The City raised in its answer the affirmative defenses of contributory negligence, assumption of risk, and the fellow servant doctrine. Rossi's motion to strike these defenses pursuant to the Employer's Liability Act, I.C. 22–3–9–1, 22–3–9–2, 22–3–9–3, was granted by the trial court. At the close of all the evidence, Rossi tendered Final Instruction No. 15, the provisions of the Employer's Liability Act which abrogate the employer's common law defenses to wrongful death. The trial court gave this instruction over the City's objection that the Employer's Liability Act was not applicable.

A three day trial held June 10–12, 1985 resulted in a jury verdict for Rossi and against the City in the amount of $937,-995.00. The court found the Employer's Liability Act provisions abrogating the employer's common law defenses applied, but concluded its liability limit of $10,000.00 (I.C. 22–3–9–6) had been superseded by the $300,000.00 limit of the Tort Claims Act, I.C. 34–4–16.5–4. The trial court entered the following judgment:

> "The Court had heretofore entered judgment on the jury verdict and thereafter ordered the parties to submit to the Court any additional sums that they were claiming as set-offs against said judgment. Thereafter the defendant filed it's Motion to Determination of Set-Offs, the plaintiff filed it's response thereto. The Court having reviewed said matters and being duly advised now enters the following findings and decree....

The Court therefore finds that the only appropriate set-off against said judgment is the money paid to the plaintiff under Covenant Not to Sue as previously deduced by the Court in its Order of August 9, 1985. Pursuant to I.C. § 34–4–16.5–4 the Court further reduces said judgment in the amount of Five Hundred Twenty–Nine Thousand Two Hundred Ninety One ($529,291.00) Dollars leaving a judgment owing by the defendant to the plaintiff in the sum of Three Hundred Thousand ($300,000.00) Dollars all at defendant's cost."

The City objected and argued that if the Employer's Liability Act is applicable, then the $10,000 liability limit of that act is also applicable to reduce the judgment to $10,-000.

The City's appeal and Rossi's cross appeal were consolidated.

## ISSUES

The parties present the following issues, restated, for decision: [1]

---

1. The City also argues the appropriate measure of set off is the expected value of the structured settlement not its present value. Because of our

disposition of Issue II, we need not discuss this issue. Rossi argues the trial court erred in finding the Tort Claims Act damage provision,

I. Whether the trial court erred in refusing to reduce the jury verdict to a judgment of $10,000.00, in accordance with a provision of the Employer's Liability Act which limits damages receivable to $10,000.

II. Whether the trial court erred in finding that a set-off for a structured settlement with joint tortfeasor former defendants must be credited against the jury verdict.

I.C. 34-4-16.5-4, which limits liability to $300,000.00, governs when the City has purchased liability insurance in excess of the statutory limits under I.C. 34-4-16.5-18. Because of our disposition of Issue I, we need not address this question.

**2.** The trial court gave the following as *COURT'S FINAL INSTRUCTION NO. 15:*

On July 8, 1982, there was in full force and effect statutes of the State of Indiana which provided as follows:

I.C. 22-3-9-1 Liability of Employers. Any person, firm or corporation while engaged in business, trade or commerce within this state, and employing in such business, trade or commerce five (5) or more persons shall be liable and respond in damages to any person suffering injury while in the employ of such person, firm or corporation, or in case of the death of such employee, then to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and if none, then to such employee's parents; and if none, then to the next of kin of dependent upon such employee, where such injury or death resulted in whole or in part from the negligence of such employer or his, its or their agents, servants, employees or officers, or by reason of any defect, mismanagement or insufficiency, due to his, its or their carelessness, negligence, fault or omission of duty.

I.C. 22-3-9-2 Defenses of Employer—Limitations—Pleading—Burden of Proof. In any action prosecuted under the provisions of this act, the burden of proving that such injured or killed employee did not use care and diligence at the time of such injury or death, shall be upon the defendant, but the same may be proved under the general denial. No such employee who may have been injured or killed shall be held to have been guilty of negligence of contributory negligence by reason of the assumption of the risk thereof in any case where the violation by the employer or his, its or their agents or employees, of any ordinance or statute enacted, or of any rule, regulation of direction made by any public officer, bureau or commission, was the cause of the injury or death of any employee, it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured

## DECISION

### I. *Statutory Liability Limits*

■ The City argues that because the trial court instructed the jury that the Employer's Liability Act I.C. 22-3-9-1, 22-3-9-2 and 29-3-9-3 applied,[2] the Employer's Liability Act is now the law of the case, and both the court and Rossi should be bound by the $10,000 liability limit stated in

employee was engaged, contributed to such injury. No such injured employee shall be held to have been guilty of negligence or contributory negligence where the injury complained of resulted from such employee's obedience or conformity to any order or direction of the employer or of any employee to whose orders or directions he was under obligation to conform or obey, although such order or direction was a deviation from other rules, orders or directions previously made by such employer.

I.C. 22-3-9-3 Risks of Employment—Assumption—Burden of Proof. In any action brought against any employer under or by virtue of this act to recover damages for injuries or the death of, any of his, its or their employees, such employee shall not be held to have assumed the risks of the employment in any case where the violation of such employer or his, its or their agents or employees of any ordinance or statute enacted, or of any rule, direction or regulation made by any public officer or commission, contributed to the injury or death of such employee; nor shall such injured employee be held to have assumed the risk of the employment where the injury complained of resulted from his obedience to any order or direction of the employer, or of any employee to whose orders or directions he was under obligation to conform or obey although such order or discretion was a deviation from other orders or directions or rules previously made by such employer. In any action brought against any employer under the provisions of this act to recover damages for injury to or the death of, any of his, its or their employees, such employee shall not be held to have assumed the risk of any defect in the place of work furnished to such employer, or by the exercise of ordinary care might have been known to him in time to have repaired the same or to have discontinued the use of such defective working place, tool, implement or appliance. The burden of proving that such employer did not know of such effect, or that he was not chargeable with knowledge thereof in time to have repaired the same or to have discontinued the use of such working place, took, implement or appliance, shall be on the defendant, but the same may be proved under the general denial.

(Record, p. 01001–01002).

section 6 of the Act.[3] The City argues the trial court created a hybrid, selecting to use and apply some portions of the Employer's Liability Act and refusing to apply another portion to reduce the jury verdict.[4]

Rossi maintains the Employer's Liability Act is supplemental to other Acts. When the Employer's Liability Act was enacted in 1911, it contained the same limit of liability as the Wrongful Death Act I.C. 34-1-1-2. Rossi notes that both acts limited recovery to $10,000 until 1949 when the Wrongful Death Act limit was raised to $15,000 and again in 1957 when the limitation was removed and recovery of damages became unlimited upon proper proof. Rossi points out that both legal publishers West and Burns recognize I.C. 22-3-9-6 is cross-referenced to Wrongful Death Act I.C. 34-1-1-2, and argues that therefore the Employer's Liability Act is merely an extension of the Wrongful Death Act.[5] We disagree.

One of the purposes of Employer's Liability Act of 1911 was to abolish the "unholy trinity" of common law defenses—contributory negligence, assumption of risk and the fellow servant rule. These common law defenses had been formidable obstacles to any recovery for usual industrial accidents. The 1911 Workmen's Compensation Statutes eliminated the "unholy trinity" in most work and industrial accidents. *See,* Prosser and Keaton, *Torts* (5th Ed. 1984). However, both police and firefighters, who are covered by pension funds, are not protected by worker's compensation, so the Employer's Liability Act was needed to eliminate these defenses in actions brought by employees not covered by worker's compensation. When the legislature acted to abolish employer common law defenses in the Employer's Liability Act, it also placed a cap of $10,000.00 on the amount an employee could recover. The legislature did not amend any of the Employer's Liability Act until 1986, when this statute was reviewed and non-substantive changes were made. We are unable, based upon Rossi's arguments and no authority, to construe the legislature's inaction from 1911 through 1983 as indicating that the Employer's Liability Act damage's provision had been superseded by the Wrongful Death damage's provision.

## II. *Set-Off Against Verdicts*

The City argues, even assuming the trial court's judgment of $300,000.00 is correct, the set-off's should be made against the $300,000.00 judgment and not against the jury verdict because the verdict could not have been entered as a judgment as a matter of law under the liability limits of the Tort Claims Act.[6]

Rossi responds that the purpose of Indiana laws regarding contribution are to provide a plaintiff with full recovery for his or her injuries. The jury determined full

---

3. I.C. 22-3-9-6 provides:
   Sec. 6. Where any action is brought on account of the death of any person under this act [Employer's Liability Act, I.C. 22-3-9-1 *et. seq.*], the liability of any such employer shall not exceed ten thousand dollars ($10,000), and the provisions of the law now in force as to the parties plaintiff shall apply.

4. We need not determine if the Employer's Liability Act was properly applied to this case. Rossi tendered the instruction based on the act. Even if it did not apply, Rossi invited the error. *See, City of South Bend v. Rozwarski* (1980), Ind.App., 404 N.E.2d 19 (case was arguably covered by Employer's Liability Act, but tried under common law principles, therefore common law applied).

5. Rossi also argues Section 6's maximum liability limit of $10,000 does not apply because another section of the Employer's Liability Act,

I.C. 22-3-9-11 specifically excludes any limitation on employer's duties or employee's rights.
I.C. 22-3-9-11 provides:
*Nothing in this act shall be held to limit* the duty or liability of employers or to impair the rights of their employees under the common law or any other statute to affect *the prosecution of any pending proceeding or right of action now existing.* (emphasis added).
After a careful reading of the above section, we find it refers to causes of action which were pending or rights of action which existed in 1911 when the Employer's Liability Act was adopted by the legislature.

6. The City argues the correct measure of set off is the expected value of the structured settlement not the present value. The City argues the expected value is $315,778.28. Because we have determined the set off must be against the amount of the verdict ($937,995.00), we need not discuss this issue.

recovery for widow Rossi and the Rossi children was $937,995.00 and the trial court was correct in deducting the value of the settlement annuity from the verdict. Rossi argues that because of the statutory limitation on recovery, she will not be made whole for the losses sustained even if the City pays the full $300,000 judgment.[7]

The City cites *Scott v. Krueger* (1972), 151 Ind.App. 479, 280 N.E.2d 336; *Bedwell v. DeBolt* (1943), 221 Ind. 600, 50 N.E. 2d 875 and *Parry Manufacturing Co. v. Crull* (1913), 56 Ind.App. 77, 101 N.E. 756 for the proposition that funds received for a covenant not to sue must be credited against any *judgment* against a co-defendant. The City would have us read "judgment" as applying only to the court's entry of judgment. However, the cases do not support this reading. In *Scott,* $9,000 received for a covenant not to sue was set off against the jury's $80,000 verdict. In *Parry Manufacturing* the jury was informed the plaintiff had received $2,000 for a covenant not to sue. The jury's $1,000 verdict was affirmed on the basis the jury could have considered the evidence of the $2,000 payment in reaching its verdict. In *Bedwell,* this court reversed, when the defendant pleaded satisfaction, but the trial court refused to allow evidence of the agreement with a joint-tortfeasor. In addition, in *Sanders v. Cole Municipal Finance,* (1986), Ind.App., 489 N.E.2d 117, 121, a case involving various covenants not to sue, covenants not to execute and a loan receipt agreement this court stated: "whether the funds received are a partial or total satisfaction is determined by simply applying the amount received against the amount of the *verdict rendered.*" (Our emphasis).

The clear import of these cases is that the plaintiff is entitled to only one satisfaction for a single injury, but the amount of that satisfaction is determined by the verdict. The trial court properly entered judgment for Rossi and then credited the value of payments received for the covenant not to sue against the verdict. The fact that the judgment must be further reduced because of the statutory limitation does not affect the jury's determination of the measure of damages.

## CONCLUSION

Applying the principles discussed above, we reverse the trial court's judgment and remand with instructions to enter judgment in favor of Rossi and against the City in the amount of $10,000.

CONOVER, P.J., and HOFFMAN, J., concur.

---

7. Rossi assumes the $300,000 Tort Claims Act's liability limitation was in effect, however the principle is the same whether the limitation is $300,000 pursuant to the Tort Claims Act or $10,000 pursuant to the Employer's Liability Act.