**CITY OF HAMMOND, Appellant–Defendant,**

**v.**

**Betty J. BIEDRON, As Administratrix of the Estate of Fred Biedron, Appellee–Plaintiff,**

**George C. Meyer & Company, Margaret A. Meyer, Hammond Lead Products, Inc., Halstab Division of Hammond Lead Products, Inc., Ferro Corporation, Keil Chemical Division of Ferro Corporation, and Centimark Corporation, Appellees–Defendants.**

**No. 45A05–9405–CV–181.**

Court of Appeals of Indiana.

June 27, 1995.

Rehearing Denied Sept. 8, 1995.

Gilbert F. Blackmun and Alan R. Faulkner, Friedrich, Bomberger Tweedle & Blackmun, P.C., Highland, for appellant.

Saul I. Ruman and Thomas A. Clements, Ruman, Clements, Tobin & Holub, P.C., Highland, for appellees.

## OPINION

RUCKER, Judge.

Fred Biedron, a firefighter for the City of Hammond, was killed in the line of duty. The administratrix of his estate sued the City for negligence. The City responded by filing a motion for summary judgment contending that the administratrix's sole remedy was an action brought under the provisions of the Employer's Liability Act, Ind.Code § 22-3-9-1 to -11. The trial court denied the motion and the City now brings this interlocutory appeal arguing the trial court erred in so doing.

We affirm.

On December 16, 1991, Fred Biedron was accidentally killed while fighting a fire in the course of his employment with the City of Hammond. Because of Biedron's status as a firefighter and his membership in the Hammond Fire Department Pension Fund, Biedron's estate was precluded from pursuing a remedy under the provisions of Indiana's Worker's Compensation Act. *See* Ind.Code § 22-3-2-2(c). Therefore, acting as administratrix of her husband's estate, Betty Biedron filed a complaint against the City based on various allegations of negligence. The complaint also named as defendants several other parties not involved in this appeal. The City answered the complaint and thereafter filed a motion for partial summary judgment seeking a determination that any recovery on the complaint may not exceed $10,000.00 pursuant to provisions of the Employer's Liability Act.[1] The trial court de-

1. Section 22-3-9-6 of the Employer's Liability Act provides: "Where any action is brought on account of the death of any person under this chapter, the liability of any such employer shall not exceed ten thousand dollars ($10,000), and the provisions of the law in force as to parties plaintiff shall apply."

nied the motion and this interlocutory appeal ensued.

The City contends the trial court erred in denying its motion for summary judgment. In support of its contention City compares the Employer's Liability Act (ELA) with the Worker's Compensation Act (WCA) and concludes the ELA is the administratrix's sole remedy. Specifically City argues that the underlying purposes of the ELA and the WCA are the same, namely eliminating common law obstacles to recovery by employees for work-related injuries and providing a corresponding limitation on damages for the benefit of employers. Thus, the argument continues, when an injury is found to be covered by the WCA, that statute provides the exclusive remedy and any recovery at common law is barred. In like fashion, the City maintains, the ELA should provide the sole remedy for injuries falling within its provisions. That is particularly true in this case, the City claims, because firefighters are excluded from the WCA only if they are members of a pension fund, and therefore pension fund benefits are provided in lieu of worker's compensation benefits. Betty Biedron has already received benefits from the pension fund and other sources in excess of the amount she would have received under the WCA. Thus, the City argues, any further recovery should be limited by the provisions of the ELA.

■ The Employer's Liability Act was enacted in 1911 prior to passage of Indiana's worker's compensation laws. Like the Worker's Compensation Act passed in 1929,[2] the ELA was intended to alleviate the harshness of the common law in actions against employers for damages stemming from industrial accidents. *City of Hammond v. Rossi* (1989), Ind.App., 540 N.E.2d 105, 108, *trans. denied.* The common law defenses of contributory negligence, assumption of risk and the fellow servant rule had been formidable obstacles to recovery in such cases. *Id.* While the WCA eliminates the defenses altogether by allowing compensation to any employee whose injury arose out of and in the course of employment, I.C. § 22-3-2-2, the ELA merely restricts their use and provides for recovery upon a showing of negligence. I.C. § 22-3-9-1 to -3; Ben F. Small, Workmen's Compensation Law of Indiana § 2.4, at 25. In contrast to the statutory compensation set forth in the WCA, the ELA provides that damages recoverable under the act shall be commensurate with the injuries sustained, I.C. § 22-3-9-4, but in any event an employer's liability is limited to $10,000.00 in the case of an employee's death. I.C. § 22-3-9-6.

■ Unlike the Worker's Compensation Act which excludes all other remedies, the ELA does not purport to replace common law remedies but rather affords an alternative remedy for plaintiffs suing their employers for work-related injuries. Although no case has specifically so held, the notion that the ELA is a non-exclusive remedy is implicit in cases wherein common law claims were allowed to proceed in conjunction with those brought under the ELA. For instance, in *Nordyke & Marman Co. v. Hilborg* (1915), 62 Ind.App. 196, 110 N.E. 684, 687, the court held that the facts alleged in the complaint brought the case within the provisions of the ELA and were also sufficient to state a cause of action at common law. Consequently, the court rejected an argument by the defendant that the plaintiff should have elected to try his action under one of the two theories. Also, in *Indianapolis Traction & Terminal Co. v. Spangler* (1919), 69 Ind.App. 631, 122 N.E. 596, 597, the court determined that the fellow servant rule barred the plaintiff's claim under two paragraphs of the complaint because those paragraphs were based on common law theories. However, because another paragraph of the complaint was drawn under the ELA it was sufficient to sustain the verdict and judgment.

Support for the proposition that the ELA does not operate to bar a plaintiff's recovery at common law is also found in the language of the statute itself. The ELA by its terms applies only to actions "brought ... under this chapter." *See e.g.,* I.C. § 22-3-9-6. Further, the act specifically provides that

2. An earlier version of the Worker's Compensation Act was passed in 1915 but was repealed and replaced by the 1929 act. Acts 1929, Ch. 172 § 75.

"[n]othing in this chapter shall be held to limit the duty or liability of employers or to impair the rights of their employees under the common law or any other statute existing on March 2, 1911...." I.C. § 22-3-9-11. Based on the foregoing, it is clear to us that the ELA applies to limit a plaintiff's recovery only where a claim is brought pursuant to the act's provisions.

In the present case, Biedron's claim was not brought pursuant to the ELA. Instead, the claim was brought under principles of common law. The ELA thus has no applicability to Biedron's claim and does not operate to limit her recovery to $10,000.00. The trial court properly denied the City's motion for summary judgment.

Judgment affirmed.

SHARPNACK, C.J., and RILEY, J., concur.