**Jan Bowen PINE, Appellant,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA MEMORIAL HOSPITAL, Appellee.**

No. 84224.

Court of Appeals of Oklahoma, Division No. I.

Feb. 13, 1996.

Michael J. Tullius, Oklahoma City, for Appellant.

Charles L. Waters, General Counsel, Richard W. Freeman, Jr. and Charles M. Jackson, Assistant General Counsel, Department of Human Services, Oklahoma City, for Appellee.

### MEMORANDUM OPINION

GARRETT, Judge:

The only issue in this appeal is whether Appellant, Jan Bowen Pine, is entitled to post-judgment interest on the judgment she received against Appellee, Oklahoma Memorial Hospital, in an action for medical malpractice and personal injuries. A jury returned a verdict on February 12, 1992, in Appellant's favor in the amount of $200,-000.00. The judgment was entered on Feb-

ruary 26, 1992, for "the sum of $200,000.00, with interest thereon as provided by law."

Appellee appealed that judgment. See Appeal Number 79,255. The judgment was affirmed by the Court of Appeals on January 11, 1994, certiorari was denied on July 6, 1994, and the mandate was issued on July 15, 1994.

As pertinent here, after remand, the trial court held:

> That notwithstanding the provisions of 12 O.S. § 727,[1] and (sic) post judgment interest cannot be attached to Plaintiff's judgment pursuant to the rationale promulgated in *Huff v. State*, 764 P.2d. (sic) 183 (Okl.1988).

For reversal, Appellant contends the trial court erred in refusing to impose statutory interest on Appellant's judgment as provided by 12 O.S.1991 § 727. In her brief in chief, Appellant argues that the February 12, 1992 judgment provides for "interest thereon as provided by law." Therefore, Appellant argues, because Appellee, in appeal number 79,255, failed or neglected to raise Appellant's entitlement to post judgment interest, that it is estopped now to assert a bar thereto, as the judgment was affirmed in its entirety on appeal. Appellant offers no response to the trial court's finding that *Huff v. State*, supra, precludes the imposition of interest.

In response, Appellee contends there is no published case of the Oklahoma Supreme Court which addresses the issue of post-judgment interest added to the maximum judgment permitted against a state agency. However, the issue of ***prejudgment*** interest imposed on such a judgment was squarely addressed in *Huff v. State*, supra. The plaintiff brought a wrongful death action against the State for the death of her husband who was struck and killed by an Oklahoma Highway Patrol car. Her husband was struck while in the course of his employment with a privately owned company. The court entered judgment for her, against the State, for "$100,000.00, [the statutory limit] together with prejudgment interest". 764 P.2d at 185. The trial court awarded prejudgment interest over the State's objection. The Supreme Court held that "prejudgment interest may not be awarded when, as here, the total recovery would exceed the State's maximum statutory liability." 764 P.2d at 187. The Supreme Court discussed the maximum liability of the state for judgments rendered against it, under 51 O.S.Supp.1986 § 154(A)(2), which is essentially the same as 51 O.S.Supp.1990 § 154(A)(2), pertinent to the instant case. The Court determined the imposition of prejudgment interest, under 12 O.S.1991 § 727, is, ***whenever appropriate,*** a statutorily authorized item of recovery, constituting but a part of the judgment to which it is attached. (Emphasis added). However, the Court held it was not appropriate in *Huff* because adding interest to the total liability of the State would violate 51 O.S.Supp.1990 § 154.

---

1. 12 O.S.1991 § 727 provides in part:

A. All judgments of courts of record shall bear interest at a rate prescribed pursuant to subsection B of this section, except judgments against this state and its political subdivisions, including counties, municipalities, school districts, and public trusts of which this state or a political subdivision of this state is a beneficiary, which shall bear interest during the term of judgment at a rate prescribed pursuant to subsection B of this section, but not to exceed ten percent (10%), from the date of rendition, provided that:

\* \* \* \* \* \*

2. When a verdict for damages by reason of personal injuries or injury to personal rights ... or detriment due to an act or omission of another is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at a rate prescribed pursuant to subsection B of this section from the date the suit was commenced to the date of verdict, except such verdict against this state and its political subdivisions, including counties, municipalities, school districts, and public trusts of which this state or a political subdivision of this state is a beneficiary, shall bear interest at the rate prescribed pursuant to subsection B of this section, but not to exceed ten percent (10%) from the date the suit was commenced to date of verdict ...

\* \* \* \* \* \*

B. For purposes of this section, interest shall be at an annual rate equal to the average United States Treasury Bill rate of the preceding calendar year as certified to the Administrative Director of the Courts by the State Treasurer on the first regular business day in January of each year, plus four percentage points.

As pertinent here, 51 O.S.Supp.1990 § 154 provides:

A. The total liability of the state and its political subdivisions on claims within the scope of this act, Section 151 et seq. of this title, arising out of an accident or occurrence happening after the effective date of this act . . . shall not exceed:

\* \* \* \* \* \*

2. [T]he limits of said liability for the Oklahoma Medical Center and State Mental Health Hospitals operated by the Department of Mental Health for claims arising from medical negligence shall be Two Hundred Thousand Dollars ($200,000.00);

\* \* \* \* \* \*

F. The liability of the state or political subdivision under this act shall be several from that of any other person or entity, and the state or political subdivision shall only be liable for that percentage of total damages that corresponds to its percentage of total negligence. Nothing in this section shall be construed as increasing the liability limits imposed on the state or political subdivision under this act.

The *Huff* Court held:

The allowance of prejudgment interest cannot stand because, by its addition to the judgment, the trial court impermissibly exceeded the statutory limit on total recovery against the State.

In the instant case, adding post-judgment interest to the maximum judgment allowed against the hospital would exceed "the statutory limit on total recovery against the State." The rationale of *Huff,* supra, applies equally well here. The trial court correctly denied Appellant's request for post-judgment interest.

Additionally, we hold Appellee was not estopped to assert this defense in this appeal. The judgment of the trial court here provides for interest "thereon as provided by law." In the instant case, such interest is not authorized by law. The court is precluded from enlarging the State's total liability. The reference to interest as provided by law becomes meaningless surplusage. The court

did not consider this issue in the prior appeal. The power of the court to enter a judgment is involved. The doctrine of "law of the case" does not apply.

**AFFIRMED.**

JONES, P.J., and JOPLIN, J., concur.